

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS MICHAEL PIERCE, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 4:10-CV-408-Y |
| | § | |
| CHARLES RYAN, Director, | § | |
| Arizona State Prison, and | § | |
| GREG ABBOTT, Attorney General, | § | |
| the State of Texas, | § | |
| Respondents. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Thomas Michael Pierce, Prisoner ID # 065407, is confined in the Arizona State Prison in Florence, Arizona.

Respondent Charles Ryan is the Director of the Arizona State Prison and Respondent Greg Abbott is the Attorney General for the State of Texas.

## C. FACTUAL AND PROCEDURAL HISTORY

In 1984 Pierce was convicted in Tarrant County, Texas, of indecency with a child in case nos. 0221760D, 0221761D, and 0221780D, and sentenced to concurrent 4-year sentences in the Texas Department of Criminal Justice (TDCJ). (Resp't Mtn. to Dismiss Exs. A & B) The record reflects Pierce was released from TDCJ on mandatory supervision on June 14, 1985, with a maximum expiration date of December 15, 1997. (*Id.* Ex. B) A pre-revocation warrant was issued by the Parole Division on September 13, 1985, and withdrawn on March 25, 1996, allowing Pierce to discharge his sentences without further obligation to TDCJ. (*Id.*; Pet'r Resp., Ex. 1) While on release, Pierce was convicted in Arizona of unspecified criminal offenses and claims to be serving multiple consecutive life sentences in the Arizona Department of Corrections. (Pet'r Resp., Affidavit of Pet'r) Pierce asserts that the pre-revocation warrant, lodged as a detainer by the Arizona Department of Corrections, was removed by the Arizona Department of Corrections but then "refiled." (*Id.*) He challenges the detainer and seeks "dismissal" of the Tarrant County cases or removal of the detainer due to the continuing effect on the conditions of his incarceration. (Pet., Insert)

Respondent Abbott asserts Pierce's four-year sentences are fully discharged, and there are no active warrants on him by TDCJ or the Parole Division. (*Id.*) Pierce, however, presented proof that the detainer remained active in his Arizona inmate records as of July 20, 2010. (Pet'r Resp., Ex. 5) In response to the undersigned's July 29, 2010, order, TDCJ provided the affidavit of Christina Propes, the Section Director of the Parole Division and Custodian of Records for TDCJ, in which she states:

> The warrant issued on 11/17/1986 against Pierce, Thomas Michael TDC# 278840 SID# 01457618 was withdrawn and has not been active since 03/25/1996. Confirmation of the withdrawal of this warrant was resubmitted 08/6/2010 to Arizona Department of Corrections.

(Resp't Resp. to Order, Ex. C)

Telephonic communication with the Arizona Department of Corrections on August 17, 2010, confirmed that the detainer was cancelled on August 9, 2010.

### D. SUBJECT MATTER JURISDICTION

Respondent Abbott has moved to dismiss the petition for want of jurisdiction on the grounds that Pierce cannot satisfy the "in custody" requirement of 28 U.S.C. §§ 2241(c)(3) and 2254(a). Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Generally, one satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee,* 391 U.S. 234, 238 (1968). However, a prisoner under a state detainer is considered to be "in custody" for purposes of federal habeas relief. *Braden v. 30th Judicial Circuit Ct. of Ky.,* 410 U.S. 484, 488-89 (1973); *see also Estelle v. Dorrough,* 420 U.S. 534, 536 n.2 (1975).

Although Pierce fully discharged his sentences before the instant petition was filed, the detainer lodged by TDCJ remained active with the Arizona Department of Corrections until August 9, 2010. Thus, he was "in custody" for purposes of § 2254 while incarcerated in Arizona, during such time the detainer was active. Nevertheless, this court has no authority to dismiss a state court conviction, and there is nothing for this court to remedy as the detainer has been removed. Accordingly, the case is rendered moot. *Spencer v. Kemna,* 523 U.S. 1, 1-2 (1998).

3

## II. RECOMMENDATION

It is recommended that respondent Abbott's motion to dismiss be denied and that Pierce's petition for writ of habeas corpus be dismissed as moot.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 8, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 8, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

4

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 18, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE