```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF TEXAS
                           FORT WORTH DIVISION
```

THOMAS MICHAEL PIERCE,            §
                                  §
VS.                               §   CIVIL ACTION NO.4:10-CV-408-Y
                                  §
RICK THALER,                      §
Director, T.D.C.J.                §
Correctional Institutions Div.    §

<u>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
        AND ORDER DENYING CERTIFICATE OF APPEALABILITY</u>

In this action brought by petitioner Thomas Michael Pierce under 28 U.S.C. § 2254, the Court has made an independent review of the following matters:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 18, 2010; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 7, 2010.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, Respondent's motion to dismiss for lack of jurisdiction must be denied, and the petition for writ of habeas corpus must be dismissed as moot, for the reasons stated in the magistrate judge's findings and conclusions. As noted by the magistrate judge, though the respondent sought to dismiss the case on the basis of lack of jurisdiction, at the time Pierce filed this petition, he was still subject to a detainer lodged by the Texas Department of Criminal Justice with the Arizona Department of Corrections, and thus was still "in custody" for purposes of the particular relief sought challenging the detainer. As the result of the August 6, 2010, contact from TDCJ with the Arizona Department of Corrections, however, the detainer lodged

with the Arizona Department of Corrections was removed on August 9, 2010. (August 12, 2010, Affidavit of Christian Popes, attached to the August 13, 2010, Response by Thaler, to Order of July 29, 2010; August 9, 2010, Detainer Acknowledgment letter from Arizona Department of Correction to the Texas Department of Criminal Justice, Exhibits 6 and 6a, attached to Pierce's September 7, 2010, supplement to response to Thaler's motion to dismiss.) As the detainer has been removed, there is no longer a pending case-or-controversy, and Pierce's petition under § 2254 is rendered moot.[1]

Although Pierce challenged only the Arizona detainer resulting from the unlawful hold issued from the Texas Department of Criminal Justice in this petition, Pierce has now filed an instrument entitled "Motion to Dismiss State's Action in its Entirety." By this "motion," Pierce apparently now seeks to assert challenges to the underlying 1984 convictions for indecency with a child by exposure, in cause numbers 0221760D, 0221761D, and 0221780D, before the Criminal District Court Number Four of Tarrant County, Texas. As the underlying convictions themselves are not challenged in this petition under § 2254, Pierce's motion to dismiss must be denied.[2]

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

---

[1] *See generally Godfrey v. Polk county Sheriff Department,* No.1:07-CV-270-1, 2007 WL 2949637, at *1, (W.D.N.C. Oct. 9, 2007)("The dismissal of state charges and removal of the detainer render Petitioner's federal habeas petition moot. That is, no case or controversy presently exists")(citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

[2] Further, as the sentences imposed for these convictions are completely expired, the collateral consequences would not themselves be sufficient to render Pierce "in custody" for purposes of a direct attack on the convictions. *See Maleng v. Cook,* 490 U.S. 488, 492 (1989).

The respondent's July 16, 2010, motion to dismiss (doc. 4), and Pierce's September 7, 2010, motion to dismiss (doc. 12), are DENIED.

Thomas Michael Pierce's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED as moot.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[3] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[4] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[5] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[6]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Pierce has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability

---

[3] *See* Fed. R. App. P. 22(b).

[4] Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009).

[5] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[6] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

should not issue for the reasons stated in the August 18, 2010, Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and for the reasons stated in this order.[7]

Therefore, a certificate of appealability should not issue.

SIGNED September 14, 2010.

                                          _____
                                          TERRY R. MEANS
                                          UNITED STATES DISTRICT JUDGE

---

[7]*See* FED. R. APP. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).